SHEETS *v*. VOLAND.

[No. 18,451. Filed May 4, 1954. Rehearing denied June 30, 1954. Transfer denied September 15, 1954.]

*Campbell, Gemmill, Browne, Ewer & Torrance, Jerry W. Torrance, Jr.,* and *Richard E. Sisson,* of Counsel, of Marion, for appellant.

*Brown & Shadle,* of Marion and *Albert W. Ewbank,* of Indianapolis, for appellee.

KENDALL, P. J.—This is an action for damages resulting from personal injuries suffered by appellee when he was struck by an automobile operated by appellant on Thirty-eighth Street Road, also known as Soldiers' Home Road, in Grant County, Indiana.

The trial was had to a jury resulting in a verdict for appellee in the sum of Ten Thousand ($10,000.00) Dollars, upon which judgment was entered.

The appellant charges error in overruling his motion for new trial which specifies eight (8) grounds therefor, four of which are specifically waived by the appellant, leaving for our consideration the following:

"(2) The verdict of the jury is not sustained by sufficient evidence; (3) The verdict of the jury is contrary to law; (6) The court erred in giving on its own motion instruction number seven, and

(7) The court erred in giving appellee's tendered instruction number five."

Under his assignment (2) and (3) which he chooses to discuss together, the appellant states two propositions —first, that the evidence most favorable to the verdict fails to show any negligence on his part, and, second, that such evidence shows contributory negligence as a matter of law on the part of the appellee. A discussion of the questions presented requires a brief summary of the facts.

On the morning of December 10, 1945, at about 6:35 a.m., the appellee had driven his car from his home, two and one-half miles to the point of the accident which was approximately two hundred and fifty (250') feet west of a bridge over the Mississinewa River on Thirty-eighth Street Road. The road was wet and sticky snow was falling. Prior to stopping his car, appellee had driven the same for some distance securing vision therefor by opening the left door and looking outward. The windshield wiper had become frozen which obscured the vision. At the point involved, appellee pulled his car to the north side of the highway and stopped, leaving the left wheels on the concrete pavement one foot; that the concrete portion of the highway where the car had stopped was eighteen (18') feet wide. The evidence was uncontradicted that the lights, including tail-lights, were burning on appellee's car at the time appellant first observed the stopped car and appellee leaning over the left front fender. There was a berm along the road to the north of where said car stopped six (6') feet wide. The appellee testified that he got off the road as far as he could. There was evidence that the berm sloped down to a ditch about eight (8') feet deep; that after stopping, appellee got out, wiped the driver's side of the windshield and then saw the radiator was steaming

and raised the hood, at which time he noticed a car coming in a westerly direction. Appellee testified that he waited until the car passed and then removed the radiator cap; that he was standing beside the left front fender and when the cap was removed, steam went up in the air, at which time he drew back from the car in the roadway a distance of thirty (30″) inches and had taken two or three steps toward the left door of the car when he was struck by the right front fender of appellant's car.

The appellant testified that as he traveled westwardly his car lights were burning but did not recall whether they were bright or dim; that he was driving twenty-five to thirty miles-per-hour; that he saw appellee's car in the stopped position as he approached the east side of the bridge, going west, and noticed the tail-lights thereon; that at the bridge he noticed a man leaning on the left front fender of appellee's car; that as appellant's car passed appellee's car, the middle of appellant's car was in the center of the highway; that his car was approximately five and one-half (5½′) feet wide. Appellant further testified that he still saw appellee leaning over the left front fender until he got about even with him, and appellant further said, "the first thing I knew he was out in the middle of the road with his arms up over his face", at which time he struck appellee; that the body of appellee went over appellant's car hood to the south side of the road. The appellant further testified that the appellee's feet were near the pavement, his head lying to the south thereof. There was other evidence that appellee's body was thrown twenty-eight (28′) feet west of appellee's stopped car and onto the south side of the road; that appellant stopped his car one hundred (100′) feet west of where appellee was struck and that in answer to a question

as to what he (appellant) did with his car after hitting appellee, appellant answered, "I turned it off, turned the lights back on, ran back to the man. It is conceded by the appellant that the appellee was seriously injured.

We think the evidence clearly shows a duty owing to the appellee by the appellant which he failed to discharge whereby the appellee was injured. When the appellant was more than two hundred (200') feet he saw appellee's stopped car on the edge of the highway and observed appellee standing against the left front fender, leaning over the hood. Notwithstanding the observation thereof and the slippery condition of the highway, appellant drove his car with unslackened speed within thirty (30") inches of the appellee's car without sounding his horn or bearing to the left although he had almost the entire unobstructed roadway in which to do so. Certainly, it was for the jury to determine whether such conduct was that of an ordinary prudent man under the circumstances to so operate his automobile and the jury resolved the question against the appellant. Such finding is, of course, binding upon this court.

We come now to the question of contributory negligence. The appellant's contention is that the undisputed evidence discloses that the appellee violated §47-2120, Burns' 1952 Replacement, and was therefore negligent, and that such negligence on the part of the appellee contributed to his injuries. The statute in question reads as follows:

"47-2120. *Stopping, standing, or parking outside of business or residence districts.*— (a) Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event, a

sufficient unobstructed width of the roadway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of two hundred (200) feet in each direction upon such highway.

"(b)    This section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position."

In our opinion, this statute means that when it is impossible to park an automobile entirely off the highway, a sufficient free passageway on the highway shall be left for other vehicles using the same, and the parked vehicle shall be clearly in view for a distance of two hundred (200) feet in each direction. The facts in this case indicate that the safe operation of his car required the appellee to stop. In doing so, he got as far off of the traveled portion of the highway as possible and left a clear passage-way of seventeen (17') feet for use of other vehicles. At the point where appellee stopped, his car was clearly visible for two hundred (200') feet in either direction. We find nothing in the statute that can be interpreted to require the operator of a motor vehicle, the windshield of which is covered with wet snow, the windshield wipers inoperative because of the frozen condition, and the radiator boiling, to keep going until he finds a place where he can park his car entirely off the highway provided the place where he does park leaves sufficient clearance and meets with the statutory requirements as to view. It is, therefore, our opinion that the facts of this case show no violation of the statute involved. The appellant's contention of contributory negligence being based upon the assumption that the appellee violated said statute is without merit.

Instruction number *seven,* given on the court's own motion, reads as follows:

"The court instructs the jury that one who operates an automobile upon a public highway is under a duty to observe constantly the highway in front of him so as to discover other vehicles or pedestrians thereon and avoid colliding therewith, and to keep his automobile under such control that he may readily operate or stop the same to avoid collision and possible injury to other persons. He is bound to see what he could have seen if he had exercised due care under the circumstances, and if, in this case, you find that the defendant could have seen the plaintiff, with whom he collided, in time to have so operated his automobile, or to have avoided colliding with plaintiff by the exercise of the due care and the caution required by the particular circumstances, and you also find that he did collide with plaintiff, then you would be justified in finding that the defendant herein was negligent in so operating his automobile as to cause the collision herein complained of."

The appellant says that this instruction is erroneous because it invades the province of the jury in telling them it was his duty to "observe constantly the highway in front of him", whereas the care required of him was that of an ordinary prudent person under like circumstances and the jury must be permitted to determine whether such care requires a constant lookout. We think the instruction is open to this objection had it been timely made, but the record shows that the appellant made no such objection in the trial court, and, under Rule 1-7 of the Supreme Court, no error in that respect is available on appeal.

The appellee's tendered instruction number *five* which the court gave reads as follows:

"The Court instructs you that the driver of an automobile in case of a breakdown, a collision or

in case it becomes necessary for the driver of an automobile to perform other acts rendered necessary by his inability to see ahead because of snow obscuring his vision, and if he exercises reasonable care, such driver may use the highway for the purpose of repair on account of his inability to proceed. While the chief use of the highway is travel, these activities constitute a proper use thereof and the operators of motor vehicles on the highway are bound to exercise reasonable care to avoid injuries to persons working on or about vehicles standing on the highway, even though such persons have placed themselves in dangerous positions. (Fulton v. Chauteau County Farmers Company, 37 Pac. 2d 1025.)

The appellant contends that this instruction took away from the jury the question of contributory negligence resulting from the appellee's violation of §47-2120, *supra,* and, in effect, instructed the jury to find for the appellee insofar as the issue of contributory negligence is concerned. In view of the fact that the evidence failed to show a violation of said statute, any question of contributory negligence predicated on a violation thereof should have been withdrawn from the jury and if the instruction in question had that effect, it was not erroneous.

Finding no error, judgment affirmed.

Achor, J., concurs in result.

NOTE.—Reported in 119 N. E. 2d 325.